UNITED STATES DISTRICT COURT
SOUTHERN OHIO DISTRICT
EASTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALVIN FENDERSON, *et al.*,

Defendants.

Case No. CR-2-06-100(1)
Judge Smith

### ORDER

This matter is before the Court on Defendant Alvin Federson's *pro se* Motion for Release on Bond and for a Bond Hearing filed on January 30, 2007 (Doc. 208) and Defendant's subsequent Motion for a Bond hearing (Doc. 228). The Government has filed a response requesting that Defendant's motion be denied (Doc. 211).

On December 21, 2006, a jury found Defendant Fenderson guilty on nine felony counts involving the distribution of cocaine. The Defendant subsequently filed a motion for an acquittal which was denied by this Court.

Defendant now requests a bond hearing and/or release on bond pending sentencing. The reasons Defendant cites in support of his motion include: his mother's poor health, to visit with his one year old son; and he states that if he was released, he "would not do anything to jeopardize his freedom or anyone else's." (Def.'s Mot., Doc. 208).

The Government, however, argues that Defendant's behavior created a serious risk of harm to others by distributing cocaine and cocaine base. Further, Defendant's criminal history involves

other prior arrests for possession of drugs, loitering/aiding a drug offense and burglary. The Government asserts that when a defendant has been convicted of an offense listed in 18 U.S.C. §3142(f)(1), they shall be detained unless the judicial officer makes certain findings and the offenses committed by Defendant fall under subsection (f)(1).

Defendant shall therefore be detained unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or
> (ii) an attorney for the government has recommended that no sentence of imprisonment be imposed on the person, and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person in the community.

18 U.S.C. §3143(a)(2)(A)(I), A(ii), B.

Defendant's motion for acquittal was denied and no further motion is pending, therefore, there is no chance of (A)(I) being met. The Government is recommending a sentence of imprisonment in this case, therefore (A)(ii) is not met. Finally, the Court agrees with the Government that given the likelihood of Defendant receiving a lengthy term of imprisonment, the risk of flight is inherent. *See United States v. Salurino*, 41 U.S. 739 (1987). Further, the Court believes that Defendant's previous crimes as well as the recent convictions demonstrate that Defendant would pose a serious risk of harm to others if released.

Therefore, Defendant Fenderson's Motions for a bond hearing and release on bond are **DENIED**.

IT IS SO ORDERED.

/s/ *George C. Smith*
GEORGE C. SMITH, JUDGE
UNITED STATES DISTRICT COURT