**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                    **Case No.: 2:06-CR-100 (1)
JUDGE SMITH**

**ALVIN FENDERSON,**

                                                      *Date of Original Judgment:*
      **Defendant.**                                *November 7, 2007*

**ORDER**

      This matter is before the Court on the Defendant's Motion to Reduce Sentence, pursuant to 18 U.S.C. §3582(c)(2), in an "Agreed Disposition Case." (Doc. 444).  Defendant was originally sentenced on November 7, 2007 to 262 months imprisonment on Counts 1, 3, 4, 5, 6, 8, 9 and 21 to run concurrently with each other and 240 months on Count 7 to run concurrently with Counts 1, 3, 4, 5, 6, 8, 9 and 21 for conspiracy to manufacture, possession with intent to distribute and distribute more than 50 grams of cocaine base; distribution and possession with intent to distribute more than 5 grams of cocaine; and possession with intent to distribute cocaine.  Defendant's advisory sentencing guideline range was 262 to 327 months, based on an offense level 38 and criminal history category II.

      Defendant's sentence was previously reduced at a re-sentencing following appeal and based on the Fair Sentencing Act of 2010, to 210 months.  (*See* Docs. 334 and 355).

      On November 1, 2014, the United States Sentencing Commission promulgated Guideline Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in §2D1.1 of the United States Sentencing Guidelines, as well as parallel changes for the listed chemicals found in §2D1.11.  Defendants who are currently imprisoned for these drug offenses are eligible for retroactive application of the guidelines as long as they meet certain

eligibility criteria.

Counsel for the government, defense counsel, and representatives of the United States Probation Department have met and are in agreement that Defendant meets the Sentencing Commission's eligibility requirements for the retroactive application of Amendment 782 to his case. After considering the original guideline range, the extent of any downward departure, the circumstances of Defendant's case, and his behavior while incarcerated, the parties jointly recommend a reduction of Defendant's sentence from 210 months to 168 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable. *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range. The sentence of 210 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 168 months. Under Amendment 782, Defendant's release date shall be no earlier than November 1, 2015. Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 444 from the Court's pending motion's list.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

*Order Date:  April 9, 2015*

*Effective Date: November 1, 2015*